UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

STEVEN HILTNER,

      Plaintiff,

    v.                                        COMPLAINT
                                              Case Number: 20-1408

QUICK MOTORS, INC.,
 (D/B/A HEISER'S 76TH STREET BODY SHOP),

      Defendant.

---

Plaintiff, Steven Hiltner, through his attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson and Kelsey R. S. Kerr, alleges in this Complaint as follows:

### NATURE OF THE CASE

1. Plaintiff, Steven Hiltner, alleges that Defendant, Quick Motors, Inc., d/b/a Heiser's 76th Street Body Shop ("Heiser"), interfered with his rights under the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et. seq.*] as amended by the Families First Coronavirus Response Act ("FFCRA") [29 U.S.C. § 2620; § 2612(c)], the Emergency Family and Medical Leave Expansion Act ("EFMLEA") [29 U.S.C. § 2612(a)(1)(F); § 2612(c); § 2620; § 2620 notes] and the Emergency Paid Sick Leave Act ("EPSLA") [29 U.S.C. § 2601 notes], by refusing to reinstate him to the position of employment held by Mr. Hiltner when the leave commenced; or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment; and, retaliated against Mr. Hiltner for exercising his FMLA, FFCRA, EFMLEA and EPSLA rights.

## JURISDICTION AND VENUE

2. Jurisdiction over Mr. Hiltner's claims under the FMLA, FFCRA, EFMLEA and EPSLA, [29 U.S.C. § 2601, *et. seq.*] is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims of Mr. Hiltner occurred in this District and Heiser has substantial and systematic contacts in this District.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.P., have been performed or have otherwise occurred.

## JURY DEMAND

5. Plaintiff hereby requests a trial by jury, pursuant to Fed.R.Civ.P. 38(b).

## PARTIES

6. Plaintiff, Mr. Hiltner, is an adult who resides at 3656 South 60th Street, Milwaukee, WI 53220.

7. Defendant, Heiser, is incorporated under the laws of the State of Wisconsin, and operates an auto body shop with its principal place of business located at 7800 N. 76th Street, Milwaukee, WI 53223.

## OPERATIVE FACTS

8. In or around August 2014, Mr. Hiltner commenced employment with Heiser in the capacity of an auto body repairman.

9. Heiser employed more than 50 and less than 500 employees during the relevant time period.

10. Mr. Hiltner was eligible for the FMLA, FFCRA, EFMLEA and EPSLA protections.

11. Heiser does not qualify for an exemption from the FFCRA.

12. Heiser was covered by the FMLA, FFCRA, EFMLEA and EPSLA.

13. On or about November 2019, Heiser promoted a bonus program where any employee who refers a new hire would earn a total of $1,000 in bonuses after the new hire was employed with Heiser for six months.

14. Mr. Hiltner referred a new hire and was told by his manager that he was eligible for the $1,000 in bonuses under the program.

15. In March 2020, Mr. Hiltner asked about when he would receive the $1,000 bonus but was told by Heiser that the bonuses would only total $200.

16. On March 16, 2020, Mr. Hiltner was working at Heiser when a piece of glass got in his eye.

17. On March 17, 2020, Mr. Hiltner went to urgent care to have his eye treated and was unable to work for two days due to his eye injury.

18. On March 19, 2020, Mr. Hiltner returned to Heiser to find that all but one of his jobs had been given to other technicians while he was out.

19. Mr. Hiltner was not assigned new jobs to fully replace the jobs that Heiser re-assigned during the two days he was out.

20. On March 28, 2020, Martin Reinfeld, Mr. Hiltner's manager, told him that there was no work for him so there was no reason for him to go into work.

21. On March 30, 2020, Mr. Reinfeld told Mr. Hiltner that there was no work and he could apply for unemployment.

22. On April 23, 2020, Mr. Rehfeldt told Mr. Hiltner to return to work to do cleaning and maintenance work around the shop, duties that were outside of the normal scope of Mr.

Hiltner's employment as an auto body repairman.

23. Mr. Hiltner questioned Heiser on how pay rates were going to be calculated for the cleaning and maintenance work and believed that his hourly rate for this work was not being calculated properly.

24. On April 23, 2020, Mr. Hiltner gave written notice to Heiser stating that if there was work for him to do, that he needed to make care arrangements for his minor son who has Respiratory Syncytial Virus, which is a lung condition making him vulnerable to viruses such as COVID-19.

25. During Mr. Hiltner's leave from work, he was caring for his minor son whose school was closed for reasons related to COVID-19, pursuant to 29 U.S.C. § 2612(a)(1)(D).

26. Mr. Hiltner provided sufficient notice to Heiser of his intent to take FFCRA leave.

27. Mr. Hiltner had been employed by Heiser at least thirty (30) days at the time he requested FFCRA leave.

28. As a full-time employee, Mr. Hiltner was eligible for up to 12 weeks of FFCRA leave (two weeks of paid sick leave pursuant to 29 U.S.C. § 2601 note, followed by up to 10 weeks of paid expanded family & medical leave at two-thirds of his regular wages pursuant to the EFMLEA) at 40 hours a week, pursuant to 29 U.S.C. § 2620 and § 2620(b)(2).

29. On or about May 22, 2020, Heiser terminated Mr. Hiltner's employment because he exercised his rights under the FMLA, FFCRA, EFMLEA and EPSLA.

30. Heiser denied Mr. Hiltner the benefits to which he was entitled.

31. Heiser's willful and bad faith violations of Mr. Hiltner's rights under the FMLA, FFCRA, EFMLEA and EPSLA resulted in the termination of his employment on or about April 28, 2020, causing him to suffer a loss of pay and benefits.

## FIRST CLAIM FOR RELIEF
## FFCRA INTERFERENCE § 2615(a)(1)

32. As and for a first claim for relief, Mr. Hiltner re-asserts the allegations recited above in ¶¶ 1, 4, 6-31, and fully incorporates those paragraphs herein by reference.

33. Heiser deprived Mr. Hiltner of FMLA, FFCRA, EFMLEA and EPSLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the protections of FMLA, FFCRA, EFMLEA and EPSLA, Heiser was covered by the FMLA, FFCRA, EFMLEA and EPSLA, Mr. Hiltner was entitled to leave under the FMLA, FFCRA, EFMLEA and EPSLA, and Heiser denied his FMLA, FFCRA, EFMLEA and EPSLA benefits to which he was entitled.

34. The allegations more particularly described above caused Mr. Hiltner wage loss, benefits loss, and expenses, all to his damage.

## SECOND CLAIM FOR RELIEF
## FFCRA RETALIATION § 2615(a)(2)

35. As and for a second claim for relief, Mr. Hiltner re-asserts the allegations recited above in ¶¶ 1, 4, 6-31, and fully incorporates those paragraphs herein by reference.

36. Heiser violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of constructively discharging Mr. Hiltner's benefits and employment on account of his activity protected by the FMLA, FFCRA, EFMLEA and EPSLA.

37. The allegations more particularly described above regarding the intentional discriminatory practices of Heiser, were not made with good faith or reasonable grounds for believing that the conduct did not violate the FMLA, FFCRA, EFMLEA and EPSLA.

38. The allegations more particularly described above caused Mr. Hiltner wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE Mr. Hiltner demands relief as follows:

a. Damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA, FFCRA, EFMLEA and EPSLA violation pursuant to 29 U.S.C. § 2617;

b. the interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

c. equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d. a reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

e. reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f. costs of the action pursuant to 29 U.S.C. § 2617;

g. an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

h. such other relief as the court deems just and equitable.

Dated this 9th day of September, 2020.

> s/ Alan C. Olson
> Alan C. Olson, SBN: 1008953
> Kelsey R. S. Kerr, SBN: 1113700
> Attorneys for Plaintiff
> Alan C. Olson & Associates, S.C.
> 2880 S. Moorland Rd.
> New Berlin, WI  53151
> Telephone: (262) 785-9606
> Fax: (262) 785-1324
> Email: AOlson@Employee-Advocates.com